Nell MATHEWS, et al., Relators,

v.

**CITY OF the VILLAGE OF MINNETONKA BEACH,**
Respondent.

A16-2032

Court of Appeals of Minnesota.

Filed July 17, 2017

Patrick B. Steinhoff, Bruce D. Malkerson, Malkerson Gunn Martin LLP, Minneapolis, Minnesota (for relators).

George C. Hoff, Justin L. Templin, Hoff Barry, P.A., Eden Prairie, Minnesota (for respondent).

Considered and decided by Schellhas, Presiding Judge; Jesson, Judge; and Klaphake, Judge.*

## OPINION

SCHELLHAS, Judge

Relators argue that respondent lacked statutory authority to certify their purported debt to the county auditor for collection with their real estate taxes. Because the city lacked such authority, we reverse.

## FACTS

In August 2015, relator landowners Nell Mathews and Max Hacker's neighbors began installing a patio in their backyard. Relators believed that the patio extended into and violated the side setback and average minimum building setback requirements. Respondent City of the Village of Minnetonka Beach planning and zoning administrator (the administrator) nevertheless approved the patio installation.

In October 2015, relators appealed the administrator's approval by using a city-provided form that stated that relators would be responsible for "the actual costs incurred by the City for engineering, planning and zoning, legal and inspection expenses reasonably and necessarily required by the City" to process the appeal. After the city processed relators' appeal, it notified them that they owed $3,530.35 in fees and charges to reimburse the city for "planning and zoning and/or engineering services" and that if the "delinquent amount" remained unpaid, the city would recommend the amount "for certification to their property taxes for collection."

Relators did not pay the purported delinquent amount (debt), and the city council thereafter passed a resolution, "authoriz[ing] certification of these unpaid fees and charges to Hennepin County for collection via assessment to [relators'] property taxes" related to their real estate located in Minnetonka Beach. This certiorari appeal follows.

## ISSUE

Is the city statutorily authorized to certify landowners' purported debt for appeal expenses to the county auditor for collection with landowners' real estate taxes?

## ANALYSIS

■■■ "City council action is quasi-judicial and subject to certiorari review if it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn.App. 2007) (quotation omitted). "[A]bsent a right of review provided by statute or appellate rules, certiorari is the exclusive method to review the proceedings of municipal boards when their proceedings are judicial or quasi-judicial." *County of Washington v. City of Oak Park Heights*, 818 N.W.2d 533, 539 (Minn. 2012) (quotation omitted). We may modify or reverse a municipality's decision if the municipality exceeded its statutory authority. *Montella v. City of Ottertail*, 633 N.W.2d 86, 88 (Minn.App. 2001). Relators bear the burden of demonstrating that the city exceeded its statutory authority. *Id.*

Relators contend that the city lacks statutory authority to certify the purported debt in this case to a county auditor for collection with their property taxes. The city concedes that it does not have this authority. Although we are not bound by

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

the city's concession, we agree that the city acted without authority. *See Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 875 (Minn. 2010) ("[I]t is the responsibility of appellate courts to decide cases in accordance with law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities." (quotation omitted)); *see also State v. Watson*, 829 N.W.2d 626, 631 n.2 (Minn.App. 2013) (declining to accept the state's concession of "a threshold issue that present[ed] a question of law"), *review denied* (Minn. June 26, 2013).

■ "A municipality has no inherent powers, but only such powers as are expressly conferred by statute or are implied as necessary in aid of those powers which are expressly conferred." *Welsh v. City of Orono*, 355 N.W.2d 117, 120 (Minn. 1984). Here, no statute grants the city the authority to certify relators' purported debt for appeal expenses to the county auditor for collection with their real estate taxes.

## DECISION

Because the city lacks statutory authority to certify landowners' purported debt for appeal expenses to a county auditor for collection with landowners' real estate taxes, we reverse the city's resolution. We do not reach the validity of the purported debt.

**Reversed.**

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to